Reese, J.
delivered the opinion of the court,
It is contended for the plaintiffs that the circuit court erred in refusing to grant a new trial, upon the ground that the verdict is not well sustained by the evidence.
This case, therefore, is only another added to the long list of cases in which we have been constrained to repeat, that this court neither can, nor ought to weigh and balance the testimony with a view to disturb the verdict of the jury and the judgment of the circuit court. We adhere to and again announce the principle, as familiar from frequent repetition, as it is obviously correct, that we will set aside verdicts approved by the circuit court, in those cases only, where the weight of the testimony against the verdict greatly preponderates. In the present case, however, we are of opinion, that the testimony well warranted the verdict.
The defendants had been for many years in possession of the land in dispute, up to the line claimed by them. It had, to that line, been in their actual cultivation; that line had for many years been reputed in the neighborhood, and also, by those whose interests were affected by it, as the true line dividing the grants under which the plaintiff’s and defendants *419 claim. The plaintiffs and their agents had long so recognized it, and had for more than twenty years acquiesced in the possession and cultivation by the defendants and others up to that line; they had caused surveys of small tracts to be made with a view to a sale, which were bounded upon that line, as their southern boundary; and finally, they sold and conveyed those tracts to the defendants themselves, and in their deeds called for the northern boundary of the defendants, which they described as their own southern boundary.
Some of the plaintiffs are femes covert, and in respect to their attitude and rights, as affected by the above facts and circumstances, the circuit court charged the jury, that they were not barred by the statute of limitations; that they were not to be affected by acquiescence, as if they had been soZe; that they were not concluded or estopped by the re-marking surveys of their husbands, or the agents of their husbands, nor by joining them in deeds of conveyance, which described and acknowledged the line in question, as their southern boundary; but that the jury were to regard those facts and circumstances as evidence only of where the true line was to be found.
Whatever error may exist in reference to some of these propositions is not error against the plaintiffs, or error on account of which they should be heard here, or elsewhere to complain.
It is argued that a feme covert cannot convey land, except by deed acknowledged according to the statutes, and cannot, therefore, be affected by the re-marking survey of her husband. We answer, neither can the husband transmit title to land except by deed. The doctrine of remarking does not, in either case, proceed upon the idea of transmission of title. It is founded upon the assumption, that where the original lines have been destroyed, or are unknown, or not well ascertained, a survey made by the owner in reasonable conformity to the calls of his title deeds or grants, shall be held and taken to be an ascertainment of the very land owned by him; and such act, in pais, shall, upon principles of public policy, and for the repose and secuiity of others, conclude him.
*420 Whether the grounds of policy and principle upon which this doctrine is founded do, or do not, apply to the interest of femes eoverf, it is not necessary here to determine. For the circuit court decided the question in the negative; and of this, the plaintiffs at all events, cannot complain.
But it is said, that the acquiescence, the recognition of the line, the remarking, and the- conveyances were all made in ignorance of the true line.
We answer, that so far as the doctrine of remarking is concerned, this ignorance of the parties is necessary to give to that doctrine a different operation. Fpr if parties know where the true line is, and by agreement make another, this, would be a parol transfer of the land, and would be void by the statute of frauds, as has been decided by this court. Gilchrist vs. McGee, 9 Yer. 455.
We are of opinion, therefore, that the judgment be af-